**ORIGINAL**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-739V
Filed: September 29, 2015

FILED
SEP 29 2015
U.S. COURT OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| CLEMENTINE BLOCK, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Special Master Hamilton-Fieldman |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF | * | Dismissal for Failure to Prosecute. |
| HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Clementine Block, *Pro Se*, Summit, NJ.
Ryan Pyles, United States Department of Justice, Washington, D.C., for Respondent.

## DISMISSAL DECISION

On August 14, 2014, Clementine Block ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that she suffered from bilateral optic neuritis and complete vision loss as a result of the administration of an influenza ("flu") vaccine on January 14, 2013. The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On July 6, 2015, Petitioner's daughter, Brett Block, contacted the undersigned's Chambers and stated that Petitioner did not wish to represent herself, and that she wished to exit the program. The undersigned's staff advised Brett Block to advise Petitioner to review the routes to dismissal listed on the Court of Federal Claims website. Chambers staff also advised Ms. Block that the undersigned would be willing to conduct a status conference at any time.

When, by August 17, 2015, a motion regarding Petitioner's exit from the program had not been filed, the undersigned's staff contacted Petitioner regarding how she wished to proceed. Petitioner stated that, for medical reasons, she was unable to personally pursue her petition, and she requested that the undersigned's staff contact Brett Block,

whom Petitioner believed had been appointed to represent her.[1] The undersigned's staff informed Petitioner that her daughter had not, in fact, been appointed to represent her, and that Petitioner would need to take additional steps in the event that she did not wish to proceed on her own behalf. Petitioner again indicated that she was personally unable to take any steps in furtherance of her claim.

On August 19, 2015, the undersigned issued an order directing Petitioner to show cause why this case should not be dismissed for failure to prosecute. Petitioner was given a deadline of September 15, 2015 to either 1) file a motion to exit the program, or 2) contact the undersigned's Chambers to schedule a status conference. Petitioner was warned that failure to respond to the show cause order will be interpreted as either a failure to prosecute or as an inability to provide supporting documents for her claim. In either event, Petitioner was warned, the petition would be dismissed.

Petitioner did not contact the undersigned's Chambers or file anything by the September 15, 2015 deadline, and she has not filed anything to date.

## I.   Failure to Prosecute

It is petitioner's duty to respond to court orders. Failure to follow court orders, as well as failure to file medical records or an expert medical opinion, shall result in dismissal of petitioner's claim. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

## II.   Causation In Fact

To receive compensation under the Program, Petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Vaccine Act, a special master cannot find a petitioner has proven her case by a preponderance of the evidence based upon "the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a) (2006). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain a medical opinion or any other persuasive evidence indicating that Petitioner's injury was vaccine-caused.

---

[1] At a previous status conference, the undersigned had explained that, because Petitioner's daughter is not an attorney, she cannot represent Petitioner in these proceedings without being legally appointed as Petitioner's conservator or guardian.

2

Accordingly, it is clear from the record in this case that Petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **This case is dismissed for insufficient proof and for failure to prosecute. The clerk shall enter judgment accordingly.**[2]

**IT IS SO ORDERED.**

*/s/ Lisa D. Hamilton-Fieldman*
Lisa D. Hamilton-Fieldman
Special Master

---

[2] This document constitutes the undersigned's final "Decision" in this case, pursuant to 42 U.S.C. § 300aa-12(d)(3)(A). If Petitioner wishes to have this case reviewed by a Judge of the United States Court of Federal Claims, a motion for review of this decision must be filed within 30 days. After 30 days the Clerk of this Court shall enter judgment in accord with this decision. If petitioner wishes to preserve whatever right petitioner may have to file a civil suit (that is a law suit in another court) petitioner must file an "election to reject judgment in this case and file a civil action" within 90 days of the filing of the judgment. 42 U.S.C. § 300aa-21(a).